**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DARREN SHULMAN and DEREK RIDDICK, Individually and on Behalf of All Others Similarly Situated,<br><br>                             Plaintiff,<br><br>v.<br><br>ALLIANCE MMA, INC., PAUL K. DANNER, III, JOHN PRICE, and NETWORK 1 FINANCIAL SECURITIES, INC.,<br>                             Defendants. | Case No. 17-CV-3282<br><br><u>CLASS ACTION</u><br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

This action is brought against Defendants Alliance MMA, Inc. ("Alliance MMA" or the "Company"), Paul K. Danner, III, and John Price ("collectively, the "Defendants"). Plaintiffs Darren Shulman and Derek Riddick ("Plaintiffs"), individually and on behalf of all other persons similarly situated, by their undersigned attorneys, for their complaint against Defendants, alleges the following based upon personal knowledge as to themselves and their own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation of counsel, which included a review of United States Securities and Exchange Commission ("SEC") filings by Alliance MMA, as well as regulatory filings and reports, securities analyst reports and advisories by the Company, press releases and other public statements issued by the Company, and media reports about the Company. Plaintiffs believe that additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of Alliance pursuant and/or traceable to the Company's initial public offering on or about October 6, 2016 (the "IPO"), seeking to recover compensable damages caused by Defendants' violations of the federal securities laws.

2. This action is brought on behalf of the Class for violations of Sections 11, 12, and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l and 77o.

3. Pursuant to the Securities Act, Defendants are strictly liable for material misstatements in the Offering Materials issued in connection with the IPO. The Securities Act claims specifically exclude any allegations of fraud, knowledge, recklessness or scienter, do not "sound in fraud" and based solely on strict liability and negligence.

## JURISDICTION AND VENUE

4. The federal law claims asserted herein arise under §§ 11, 12 and 15 of the Securities Act, 5 U.S.C. §§ 77k, 77l and 77o.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 22 of the Securities Act, 15 U.S.C. §77v. In connection with the acts, conduct and other wrongs alleged herein, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the U.S. mails, interstate telephone communications, and the facilities of the NASDAQ (a national securities exchange located in this District).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 22 of the Securities Act because the Company's headquarters are located in this District

**PARTIES**

7. Plaintiff Darren Shulman purchased Alliance MMA securities as set forth herein and in his certification filed previously at Docket No. 1-1.

8. Plaintiff Derek Riddick purchased Alliance MMA securities as set forth herein and in his certification filed herewith.

9. Alliance MMA is a Delaware corporation with its principal executive offices located at 590 Madison Avenue, 21st Floor, New York, New York 10022. Alliance MMA's common stock trades on the NASDAQ under the ticker symbol "AMMA."

10. Defendant Paul K. Danner, III ("Danner") has been the Company's Chief Executive Officer ("CEO") since May 1, 2016.

11. Defendant John Price ("Price") has been the Company's Chief Financial Officer ("CFO") since August 3, 2016.

12. Defendant Network 1 Securities, Inc. ("Network 1") served as the selling agent for Alliance MMA's initial public offering. Network 1 maintains offices at 2 Bridge Avenue, Suite 241, Red Bank, New Jersey 07701 and 75 Jackson Avenue, Suite 100, Syosset, New York 11790.

13. Defendants in Paragraphs 9-10 are collectively referred to herein as the "Individual Defendants."

14. Each of the Individual Defendants:

   a) directly participated in the management of the Company;

   b) was directly involved in the day-to-day operations of the Company at the highest levels;

    c) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

    d) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

    e) was aware of or deliberately recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

    f) approved or ratified these statements in violation of the federal securities laws.

15. Alliance MMA is liable for the acts of the Individual Defendants and its employees under the doctrine of respondeat superior and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

16. Alliance MMA's Registration Statement, including the documents it incorporated by reference, contained materially untrue and misleading statements and/or omissions. Defendants negligently allowed the Prospectus to contain materially untrue and misleading statements and/or omissions to the extent that they knew or should have known that the Prospectus was materially misleading, but failed to act in a reasonable manner to prevent the Prospectus from containing materially misleading statements and/or preventing the materially misleading Prospectus from being disseminated. These claims, brought under Sections 11, 12 and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l and 77o, are based solely on claims of strict liability and/or the absence of any affirmative defense based on the reasonableness of the pertinent Defendants' investigation into the

true facts. These claims are not based on any allegation of fraud, intentional wrongdoing, or severe recklessness.

## SUBSTANTIVE ALLEGATIONS

### I. Company Background

17. Alliance MMA was formed on February 12, 2015 to acquire companies in the mixed martial arts ("MMA") industry. The Company aims to create a highly organized feeder organization to the sport's highest level of professional competition including The Ultimate Fighting Championship (UFC), Bellator MMA, World Series of Fighting and other prestigious MMA promotions worldwide.

18. On August 16, 2016, the Company filed a registration statement on Form S-1 with the SEC. The registration statement was subsequently amended, with the final amended registration statement on Form S-1/A filed on August 30, 2016 (collectively, the "Registration Statement"). The Registration Statement was declared effected by the SEC on September 2, 2016.

19. On September 30, 2016, the Alliance MMA acquired the assets and assumed certain liabilities of six companies. Additionally, the Company acquired a seventh company. The seven companies consisted of five regional MMA promotion companies, a live MMA video promotion and content distribution company, and an electronic ticketing platform serving MMA and other combat sports events.

20. On or about October 6, 2016, the Company completed its IPO that consisted of a public sale of a 2,222,308 shares of the Company's common stock at $4.50 per share.

21. Network 1 served as Alliance MMA's selling agent during the offering. Alliance MMA sold shares to the public through Network 1. Network 1 conducted the offering on a "best efforts" basis.

## II.     Material Misstatements and Omissions during the Class Period

22.     The Registration Statement, signed by Defendants Danner and Price, provided the Company's financial statements for the three and six months ended June 30, 2016, including the following statements of operations

**UNAUDITED PRO FORMA STATEMENT OF OPERATIONS**
**For the six months ended June 30, 2016**
*(In thousands, except share information)*

| | Target Companies - Actual Results | | | | | | | | | Pro Forma Adjusting Entries | Pro Forma Results |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Shogun | CageTix | CFFC | GFL | HFC | COGA | V3 Fights | Target Companies Subtotal | Alliance MMA | Total Results | | |
| Revenue | 302 | 57 | 312 | 277 | 140 | 59 | 77 | 1,224 | - | 1,224 | | $ 1,224 |
| Cost of revenues | 204 | - | 229 | 165 | 100 | 26 | 52 | 776 | - | 776 | | 776 |
| Gross profit | 98 | 57 | 83 | 112 | 40 | 33 | 25 | 448 | - | 448 | | 448 |
| Operating expenses | | | | | | | | | | | | |
| General and administrative expenses | 13 | 17 | 47 | 85 | 9 | 13 | 13 | 197 | 42 | 239 | | 239 |
| Professional and consulting fees | 8 | - | 8 | 10 | 8 | 9 | 9 | 52 | 182 | 234 | (142)4(iv) | 92 |
| Depreciation | - | - | 1 | 14 | - | 4 | - | 19 | - | 19 | | 19 |
| Amortization | - | - | - | - | - | - | - | - | - | - | 707 4(v) | 707 |
| Total operating expenses | 21 | 17 | 56 | 109 | 17 | 26 | 22 | 268 | 224 | 492 | 565 | 1,057 |
| Net income (loss) | 77 | 40 | 27 | 3 | 23 | 7 | 3 | 180 | (224) | (44) | (565) | $ (609) |
| | | | | | | | | | | | | |
| Weighted average common shares outstanding | | | | | | | | | | | | 10,000 |
| Net loss per common share | | | | | | | | | | | | $ (0.0609) |

23.     The Registration Statement further provided the Company's financial statements for the six months ended June 30, 2016, including the following balance sheet:

## UNAUDITED PRO FORMA BALANCE SHEET
### For the six months ended June 30, 2016
*(In thousands, except share information)*

| | Target Companies - Actual Results | | | | | | | Target Companies Subtotal | Actual Alliance MMA | Pro Forma Adjusting Entries | Pro Forma Results |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Shogun | CageTix | CFFC | GFL | HFC | COGA | V3 Fights | | | | |
| Cash & cash equivalents | $ 79 | $ 61 | $ 8 | $ 83 | $ 11 | $ 7 | $ 1 | $ 250 | $ 16 | $ 11,476 4(i) | $ 11,742 |
| Accounts receivable and other assets, net | 24 | - | 5 | 5 | - | - | - | 34 | 16 | - | 50 |
| Deferred offering costs | - | - | - | - | - | - | - | - | 25 | - | 25 |
| Current assets | 103 | 61 | 13 | 88 | 11 | 7 | 1 | 284 | 57 | 11,476 | 11,817 |
| Property, plant and equipment, net | - | - | 5 | 23 | - | 4 | - | 32 | - | - | 32 |
| Intangible assets, net | - | - | - | - | - | - | - | - | - | 3,389 3,4(iv) | 3,389 |
| Goodwill | - | - | - | - | - | - | - | - | - | 2,596 2 | 2,596 |
| Total assets | 103 | 61 | 18 | 111 | 11 | 11 | 1 | 316 | 57 | 17,461 | 17,834 |
| Accounts payable and accrued expenses | 28 | 123 | 24 | 24 | 16 | 29 | 51 | 295 | 47 | (22) | 320 |
| Deferred revenue | - | - | - | - | 9 | - | - | 9 | - | - | 9 |
| 401K payable | - | - | - | 17 | - | - | - | 17 | - | - | 17 |
| Related party note payable - short term | - | - | 67 | - | - | - | - | 67 | 615 | (682) 4(ii, iii) | - |
| Total current liabilities | 28 | 123 | 91 | 41 | 25 | 29 | 51 | 388 | 662 | (704) | 346 |
| Contingent earnout | | | | | | | | | | 716 4(v) | 716 |
| Total liabilities | 28 | 123 | 91 | 41 | 25 | 29 | 51 | 388 | 662 | 12 | 1,062 |
| **Stockholders' Equity** | | | | | | | | | | | |
| Retained earnings /(deficit) | 75 | (62) | (73) | 70 | (14) | (18) | (50) | (72) | (610) | (1,977) | (2,659) |
| Common stock | | | | | | | | | 5 | 5 | 10 |
| Additional paid-in-capital | | | | | | | | | | 19,421 2,3,4(i-v) | 19,421 |
| Total stockholders' equity | 75 | (62) | (73) | 70 | (14) | (18) | (50) | (72) | (605) | 17,449 | 16,772 |
| Total Liabilities and Stockholders' Equity | $ 103 | $ 61 | $ 18 | $ 111 | $ 11 | $ 11 | $ 1 | $ 316 | $ 57 | $ 17,461 | $ 17,834 |

### NOTES TO UNAUDITED PRO FORMA FINANCIAL INFORMATION

24. The Registration Statement also provided the Company's financial statements for the six months ended June 30, 2016, including the following statement of operations:

### ALLIANCE MMA, INC.
### CONDENSED STATEMENTS OF OPERATIONS
### (UNAUDITED)

| | FOR THE SIX MONTHS ENDED JUNE 30, | | FOR THE THREE MONTHS ENDED JUNE 30, | |
|---|---|---|---|---|
| | 2016 | 2015 | 2016 | 2015 |
| **OPERATING EXPENSES** | | | | |
| General and administrative expenses | $ 41,530 | $ 5,476 | $ 27,254 | $ 1,881 |
| Professional and consulting fees | 182,411 | 126,500 | 80,000 | 49,500 |
| Total Operating Expenses | (223,941) | (131,976) | 107,254 | 51,381 |
| NET INCOME LOSS | $ (223,941) | $ (131,976) | $ (107,254) | $ (51,381) |

The accompanying notes are an integral part of these unaudited condensed financial statements

25. The Registration Statement provided the Company's financial statements for the six months ended June 30, 2016, including the following statements of cash flow:

7

**ALLIANCE MMA, INC.**
**CONDENSED STATEMENTS OF CASH FLOWS**
**(UNAUDITED)**

| | FOR THE SIX MONTHS ENDED JUNE 30, | |
|---|---|---|
| | 2016 | 2015 |
| **CASH FLOWS FROM OPERATING ACTIVITIES** | | |
| Net loss | $ (223,941) | $ (131,976) |
| Adjustments to reconcile net loss to net cash provided by operating activities: | | |
| Changes in assets and liabilities: | | |
| Deposit media library | (15,500) | - |
| Accounts payable | (5,994) | 5,477 |
| Net cash used in operating activities | (245,435) | (126,499) |
| **CASH FLOWS FROM FINANCING ACTIVITIES** | | |
| Proceeds from notes payable | 261,701 | 121,210 |
| Proceeds from issuing founders shares | - | 5,289 |
| Net cash provided by financing activities | 261,701 | 126,499 |
| **INCREASE IN CASH** | 16,266 | - |
| **CASH - BEGINNING OF PERIOD** | - | - |
| **CASH - END OF PERIOD** | $ 16,266 | $ - |

The accompanying notes are an integral part of these unaudited condensed financial statements

26.     The statements in paragraphs 19-22 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the condensed consolidated financial statements for the three months ended June 30, 2016 could not be relied upon because of an error in recognizing as compensation transfers of common stock by an affiliate of the Company to individuals who were at the time of transfer, or subsequently became, officers, directors or consultants of the Company; (2) the condensed consolidated financial statements for the six months ended June 30, 2016 could not be relied upon because of an error in recognizing as compensation transfers of common stock by an

8

affiliate of the Company to individuals who were at the time of transfer, or subsequently became, officers, directors or consultants of the Company; and (3) as a result, Defendants' statements Company's growth in media placement revenues would not occur in the fourth fiscal quarter 2016; (iv) as a result of the foregoing, the Company's statements, as well as Defendants' statements about the Company's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis at all relevant times.

### III.   The Truth Emerges

27.    After the marked closed on April 12, 2017, Alliance MMA filed a Form 8-K filed with the SEC announcing the Company's financials for the nine months ended September 30, 2016 included in the Company's Form 10-Q for the quarter ended September 30, 2016 and for the three and six months ended June 30, 2016 should no longer be relied upon ("April 12, 2017 Form 8-K"). The April 12, 2017 Form 8-K stated:

> **Item 4.02 Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review.**
>
> On April 7, 2017, the Board of Directors of Alliance MMA, Inc. (the "Company") concluded that the condensed consolidated financial statements for the nine months ended September 30, 2016 included in the Company's Form 10-Q for the quarter ended September 30, 2016 and for the three and six months ended June 30, 2016 should no longer be relied upon because of an error in recognizing as compensation transfers of common stock by an affiliate of the Company to individuals who were at the time of transfer, or subsequently became, officers, directors or consultants of the Company. The Company plans to include in its annual report on Form 10-K for the year ended December 31, 2016 revised financial information for the nine months ended September 30, 2016 and for the three and six months ended June 30, 2016. The Company's chief financial officer has discussed the determination to restate these financial statements with its independent accounting firm.

28.    On Shares of Alliance MMA have plummeted since the IPO and currently trade around $1.45 per share—less than 66% of its IPO price.

29.    29. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiffs and other Class members have suffered significant losses and damages.

9

## CLASS ACTION ALLEGATIONS

30.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased or otherwise acquired the Company's common stock pursuant or traceable to the Registration Statement issued in connection with the IPO (the "Class"). Excluded from the Class are Defendants and their families, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

31.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Alliance MMA common stock was actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiffs at this time and can be ascertained only through appropriate discovery, Plaintiffs believe that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Alliance MMA or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions. Upon information and belief, these shares are held by hundreds if not thousands of individuals located geographically throughout the country and possibly the world. Joinder would be highly impracticable.

32.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by the defendants' respective wrongful conduct in violation of the federal laws complained of herein.

33. Plaintiffs have and will continue to fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation. Plaintiffs have no interests antagonistic to or in conflict with those of the Class.

34. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members, including:

    (a) whether the Securities Act was violated by Defendants;

    (b) Whether the Registration Statement contained false and misleading statements of material fact and omitted material information required to be stated therein;

    (c) To what extent the members of the Class have sustained damages and the proper measure of damages.

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## CLAIMS FOR RELIEF

### COUNT I
### For Violation of Section 11 of the Securities Act
### (Against All Defendants)

36. Plaintiffs incorporate by reference each and every preceding paragraph as though fully set forth herein.

37. This Count is asserted by Plaintiffs on behalf of themselves and the Class against all the Defendants and is based upon Section 11 of the Securities Act, 15 U.S.C. § 77k.

38. The Registration Statement was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

39. None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omission of any material facts and were not misleading.

40. By reason of the conduct herein alleged, each defendant violated §11 of the Securities Act.

41. Plaintiffs acquired the Company's stock pursuant and/or traceable to the IPO.

42. Plaintiffs and the Class have sustained damages. The value of the Company's common stock has declined substantially subsequent to and due to defendants' violations.

43. At the time of their purchases of the Company's common stock, Plaintiffs and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to the disclosures herein. Less than one year has elapsed from the time that Plaintiffs discovered or reasonably could have discovered the fact upon which this Complaint is based to the time that Plaintiffs commenced this action. Less than three years has elapsed between the time that the securities upon which this Count is brought were offered to the public and the time Plaintiffs commenced this action.

44. By reason of the foregoing, Plaintiffs and the other members of the Class are entitled to damages as measured by the provisions of Section 11(e), 15 U.S.C. 77K(e), from the Defendants and each of them, jointly and severally.

## COUNT II
### For Violation of Section 12 of the Securities Act
### (Against Network 1)

45.     Plaintiffs incorporate by reference and reallege each and every allegation above as though fully set forth herein.

46.     Plaintiff Derek Riddick purchased 450 shares of Alliance MMA stock through a subscription agreement in Alliance MMA's initial public offering.

47.     Pursuant to the subscription agreement executed by Plaintiff Derek Riddick, the "offering and sale" of Riddick's shares were "made pursuant to an effective Registration Statement on Form S-1 (File No. 333-213166) . . . filed under the Securities Act of 1933."

48.     The prospectus through which Alliance MMA conducted its initial public offering was incorporated within the registration statement identified in Plaintiff Derek Riddick's subscription agreement.

49.     As alleged above, the registration statement pursuant to which Plaintiff Derek Riddick purchased his shares contained an untrue statement of material fact and/or omitted to state a material fact necessary in order to make statements therein not misleading.

50.     Network 1 used offered or sold Alliance MMA securities by the use of means or instruments of transportation or communication in interstate commerce or the mails.

51.     Network 1 used offered or sold Alliance MMA securities by means of a prospectus or oral communication.

52.     Members of the Class, whom Plaintiffs represent herein, purchased Alliance MMA securities directly from Network 1 pursuant to the Registration Statement.

53. Members of the Class, whom Plaintiffs represent herein, did not know that the Registration Statement contained untrue statements of material fact and/or omitted to state material facts necessary in order to make the statements accurate.

54. Those members of the Class who purchased Allied MMA securities in the initial public offering directly from Network 1 have sustained damages as a result of the untrue statements of material facts and omissions in the Registration Statement, for which they hereby elect to rescind and tender their shares of Alliance MMA common stock in return for the consideration paid for Alliance MMA common stock with interest or seek rescissory damages.

55. This claim was brought within the applicable statute of limitations.

56. By virtue of the foregoing, Network 1 has violated Section 12(a)(2) of the Securities Act, 15 U.S.C. §77l(a)(2).

**COUNT III**
**For Violation of Section 15 of the Securities Act**
**(Against the Individual Defendants)**

57. Plaintiffs incorporate by reference and realleges each and every allegation above as though fully set forth herein.

58. This Count is brought pursuant to §15 of the Securities Act against the Individual Defendants.

59. The Individual Defendants each were control persons of the Company by virtue of their positions as directors and/or senior officers of the Company.

60. The Individual Defendants were each culpable participants in the violation of §11 of the Securities Act, alleged in Count I above, based on their having signed or authorized the signing of the Registration Statement and having otherwise participated in the process that allowed the IPO to be successfully completed.

61. None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Prospectus and Registration Statement were accurate complete in all material respects. Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

62. This claim was brought within one year after the discovery of the untrue statements and omissions in the Prospectus and Registration Statement and within three years after the Company's securities were sold to the Class in connection with the IPO. It is therefore timely.

63. By reason of the above conduct, for which the Company's is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as the Company's pursuant to Section 15 of the Securities Action, 15 U.S.C. 77o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment as follows:

(A) Declaring this action to be a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and certifying Plaintiffs as representatives of the Class and their counsel as Class counsel;

(B) Awarding damages in favor of plaintiffs and the Class against all defendants, jointly and severally, in an amount to be proven at trial, including interest thereon;

(C) Awarding Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including and attorneys' fees;

(D) Awarding rescission or a rescissory measure of damages; and

(E) Awarding such equitable/injunctive or other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: June 16, 2017  **LEVI & KORSINSKY LLP**

Nicholas I. Porritt
Adam M. Apton
30 Broad Street
24th Floor
New York, New York 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: nporritt@zlk.com
Email: aapton@zlk.com

*Counsel for Plaintiffs*